IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| J.R. MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-00029 |
| ) | |
| ENOCH GEORGE and ) | Chief Judge Haynes |
| DEBRA WAGONSCHUTZ, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM

Plaintiff, J.R. Morris, a state detainee at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Enoch George and Debra Wagonschutz. Plaintiff asserts claims arising out of the Defendants' alleged denial of health care while at the Maury County Jail. Plaintiff seeks damages and relief from "poor health care."

## A. Analysis of the Complaint

According to his complaint, Plaintiff alleges that he has been at the Maury County Jail since December 5, 2012. Plaintiff was unable to get his asthma inhaler until three weeks after his initial confinement. When his inhaler ran out, Plaintiff alleges that he had to wait approximately six days to get a new inhaler. Plaintiff alleges that he could have had an asthma attack at any time during those six days. Plaintiff, however, does not allege that he actually suffered an asthma attack nor actually injured by this delay.

Plaintiff also alleges that he was involved in a dispute with another inmate on January 20, 2013, in which Plaintiff was sprayed with "Freeze+P." As a result of this exposure, Plaintiff suffered a severe allergy attack, and jail officials did not return his inhaler until 30 minutes after the incident.

As to the denial of medical care, Plaintiff alleges that a Officer Randy Morrisett caused this

delay in obtaining his asthma medication and was responsible for failing to promptly bring his medication to him when Plaintiff suffered an asthma attack after the Freeze+P spraying. Morrisett is not named as a party.

Plaintiff further alleges that jail officials "come around with clothes" every morning, but because Plaintiff is a very large man, his size clothing is rarely available. Plaintiff alleges that he wore the same uniform for three weeks and has slept on the same linen since December 5, 2012. According to Plaintiff, he washes his linens in his cell's sink. Plaintiff complains that on March 22, 2013, for one afternoon, the jail was without hot water, and Plaintiff was unable to bathe.

### B. Conclusions of Law

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), apply to evaluations under Section 1915(A)(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). ("[T]he dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)."). Thus, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

Case 1:13-cv-00029   Document 4   Filed 05/30/13   Page 2 of 6 PageID #: 14

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

To state a claim under Section 1983, a plaintiff must "identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). As to Plaintiff's claims, the Eighth Amendment prohibits conduct by prison officials from the "'unnecessary and wanton infliction of pain.'" (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Id.* at 347. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (<u>per</u> <u>curiam</u>).

To state an Eighth Amendment claim, Plaintiff must allege facts that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted)).

Prison officials who act with deliberate indifference to the serious medical needs of their

-3-

prisoners violate those prisoners' constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A deliberate-indifference claim in the medical-care context has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary*, 273 F.3d 693 702-03 (6th Cir. 2001) ( quoting *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and than he then disregarded risk." *Comstock*, 273 F.3d at 703.

Supervisors cannot be held liable under Section 1983 for acts of an employee absent allegations that the supervisor acquiesced or participated or condoned the employee's wrongful acts. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Here, Plaintiff asserts that the Defendants' jail employees were negligent in failing to provide his medication more promptly, but attributes these failures to a jail employee, not the named Defendants. Negligence does not give rise to a constitutionally grounded claim. *Estelle*, 429 U.S. at 105-106. In sum, the Court concludes that Plaintiff fails to allege facts that the named Defendants violated his Eighth Amendment right to necessary medical care.

As to Plaintiff's clothing and shelter claims, the Eighth Amendment extends to "'[t]he circumstances, nature, and duration of a deprivation . . . in determining whether a constitutional violation has occurred.'" *Spencer v. Bouchard*, 449 F.3d 721, 728 (2006) (quoting *Johnson v.*

*Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[T]he Eighth Amendment may be violated when prison officials provide inadequate clothing to inmates required to go outside in the winter." *Id.*; *see also Arauz v. Bell*, 307 F. App'x 923, 929 (6th Cir. 2009) (finding the plaintiff adequately alleged a deliberate-indifference claim based on the prison's alleged failure to provide sufficient clothing for the plaintiff to keep warm during cold weather).

The denial of laundry facilities or clean clothes or bed linens may also constitute an Eighth Amendment violation, but only when the inmate claims to have "'suffered a physical injury or a disease as a result of these conditions.'" *Brown v. Timmer man-Cooper*, No. 2:10-cv-283, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013) (quoting *Miller v. Brown*, 07-2020 (JLL), 2007 WL 1876506, *8 (D.N.J. June 26, 2007)), Report and Recommendation adopted by *Brown v. Timmerman-Copper*, 2013 WL 2163850 (S.D. Ohio, Apr. 2, 2013). For damages claim to be actionable under the Eighth Amendment, an inmate must allege actual harm, or at least a serious risk of harm, by the condition in question. *See, e.g., Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need such as reasonable safety, an inmate must show 'actual or imminent harm.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). Mere exposure to such conditions does not state a claim for damages unless the harm actually occurs. *Brown*, 2013 WL 430262, at *2. Absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment'" an inmates has not claim for damages based upon unsanitary clothing or living conditions. *Id.* (citation omitted).

Here, Plaintiff alleges that he was required to wear the same prison uniform for three weeks in a row, but does not allege that he was required to go outside in cold weather with

-5-

inadequate clothing. Plaintiff does not allege that he was unable to bathe or to launder his uniform on a regular basis, nor allege any injury resulting from the jail's one-time failure to provide more than one change of clothing for three weeks. Although one change of outerwear for three weeks is undesirable, Plaintiff has not alleged an actual injury or that the lack of proper clothing amounted to deliberate indifference to his health or safety. Being forced to wash bed linens by hand alone does not amount to a constitutional violation. Plaintiff does not allege that he suffered any harm from washing his bed linens by hand in a sink. As to Plaintiff's allegations of deprivation of hot water for one day, Plaintiff does not allege any injury nor that the deprivation was an intentional act of the Defendants.

For these reasons, the Court concludes that Plaintiff's allegations in the complaint fail to state a claim under 42 U.S.C. § 1983 upon which relief may be granted. Thus, under 28 U.S.C. §§ 1915(e)(2) and 1915A, the complaint must therefore be dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court